UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-21239-CIV-HOEVELER/WHITE
(10-20481-CR-HOEVELER)

RONALD BRUNSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**CLOSED CIVIL CASE**

## ORDER ADOPTING REPORT AND RECOMMENDATIONS, DENYING MOTION, AND CLOSING CASE

THIS CAUSE comes before the Court on the Report and Recommendations issued by the Magistrate Judge as to Petitioner's 28 U.S.C. § 2255 Motion. The Court has reviewed the Report, and Petitioner's Objections thereto.[1] The Court also has reviewed Petitioner's "Notice and Invocation," filed April 17, and "Notice of Clarification and Invocation," filed June 24, 2014. The Magistrate Judge has recommended that Brunson's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence be denied, and that no certificate of appealability be issued. For the reasons stated below, the Court adopts that Report and Recommendation.

Petitioner Brunson was convicted after a jury trial as to one Count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Because of Brunson's three prior state court convictions (in December 1997 for armed robbery on Jan. 15, 1997, pursuant to Fla. Stat. § 812.13 and § 777.011, and also in December

---

[1] Petitioner's Motion to hold in Abeyance is DENIED, as MOOT. On January 13, 2014, the United States Supreme Court denied certiorari in Davis v. United States, No. 13-602.

1997 for armed robbery on Jan. 16, 1997, pursuant to Fla. Stat. § 812.13, and in November 2004 for possession with intent to distribute cocaine, pursuant to Fla. Stat. § 893.13), his sentencing offense level was increased to 34 and his criminal history category was raised to Category VI, pursuant to Section 4B1.4(a) of the United States Sentencing Guidelines, as Brunson was found to be an armed career criminal.

After reviewing Brunson's objections to the Presentence Investigation Report and hearing argument from counsel at sentencing - which included objections to the armed career criminal enhancement, this Court sentenced Brunson to a total of 180 months. Brunson lost his direct appeal (which, *inter alia*, raised the argument that he should not have been sentenced under the armed career criminal provisions).

On April 8, 2013, Brunson filed a timely motion under § 2255, arguing that he was entitled to relief because of his counsel's ineffectiveness.[2] Brunson then filed a supplement to that motion, on September 23, 2013, arguing that two additional claims should be considered: that his sentencing enhancement violated the rule announced in Descamps v. United States, 133 S. Ct. 2276 (2013), and that Brunson was "actually innocent" of the enhancement as he claimed that his prior state court conviction for the drug offense was not a qualifying prior conviction to trigger a sentence enhancement.

The Court has reviewed the Report of the Magistrate Judge and finds that the Magistrate Judge's Recommendations are based on a thorough review of governing

---

[2]Brunson complained of counsel's conduct as to the alleged failure of counsel to challenge the underlying convictions for armed robbery, that he was denied due process, that this Court lacked subject matter jurisdiction to impose an enhanced sentence, and that the reliance on police reports (to determine that the convictions were for conduct on different occasions) relating to the underlying convictions for armed robbery was improper.

2

precedent. This Court agrees with the Magistrate Judge's recommendation that Petitioner has failed to state a basis for relief as to any of the claims.

Brunson's arguments as to his drug conviction were not included in his original § 2255 motion and do not relate back to the claims stated at that time and are, therefore, untimely. Moreover, even if Brunson's argument under Descamps was cognizable, the Court notes that the Eleventh Circuit has determined that a conviction pursuant to Fla. Stat. § 893.13[3] qualifies as a "serious drug offense" under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), see, e.g., United States v. Pitts, 394 Fed. Appx. 680, 683-84 (11th Cir. 2010).[4] Thus, the Court finds that the conviction under Fla. Stat. § 893.13 was properly considered for enhancement purposes under the ACCA.

As to Brunson's remaining arguments, i.e., that his counsel was ineffective as

---

[3] Brunson argued on direct appeal that an error in the state court record (a citation to Fla. Stat. § 893.13(1)(**A**)(1) instead of (1)(**a**)(1), emphasis added) rendered that conviction ineligible for classification as a "serious drug offense." As noted by the appellate court, "[h]ad Brunson presented the argument to the district court and the court rejected it, the court would not have erred because a defendant may not collaterally attack in a federal sentencing proceeding under the ACCA a state court conviction on a constitutional ground unless the conviction was obtained in violation of his right to counsel, and Brunson does not argue that he was convicted in derogation of that right." United States v. Brunson, Case No. 10-20481-CR-WMH, ECF No. 129 (citations omitted).

[4] In the Pitts case, the appellate court observed that the state court conviction was "slightly ambiguous because it lists the offense as 'Poss/Sell/Del Cocaine'" but the court determined that the listing of "2F" represented that Pitts had been convicted of a second degree felony and therefore necessarily had been convicted of more than mere possession of cocaine. Pitts, 394 Fed. Appx. at 683. Similarly, Brunson's judgment of conviction describes the crime as "Cocaine/Sell/Man/Deliver/Possess w/Intent" but also includes the information that Brunson was convicted of a second degree felony, i.e., "2/F." See United States v. Brunson, Case No. 10-20481-CR-WMH, ECF No. 93-1. Thus, the record is and was - at the time of sentencing in February 2011 - clear that Brunson was convicted of a "serious drug offense."

3

to the objections to be raised as to the ACCA enhancement related to the armed robbery convictions,[5] the Court finds no basis to disturb its prior conclusion as to the appropriate sentence for Brunson as Brunson has failed to establish that his counsel's performance was deficient and prejudicial. A defendant qualifies as an armed career criminal according to the ACCA when he is a felon unlawfully in possession of a firearm and he has three prior convictions for either a "violent felony" or "serious drug offense." 18 U.S.C. § 924(e)(1). At the time Brunson was sentenced by this Court, the appellate court already had determined that convictions for armed robbery under Fla. Stat. § 812.13 qualify as "violent felonies" under the ACCA, see, e.g., United States v. Oner, 382 Fed. Appx. 893, 896 (11th Cir. 2010), and Brunson also had a conviction for a "serious drug offense."

In summary, after a review of the well-reasoned Report of the Magistrate Judge, and being otherwise briefed in the premises, it is

ORDERED AND ADJUDGED that the Report and Recommendations contained therein are adopted by this Court. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is DENIED. No certificate of appealability is to be issued. This case is CLOSED.

DONE AND ORDERED in Miami, Florida, this 29th day of September 2014.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

copies to:

---

[5] According to the record, Brunson was convicted of violating Fla. Stat. § 812.13(2)(b), a first degree felony, on two occasions: in state court case numbers 97-1838B and 97-1847. See United States v. Brunson, Case No. 10-20481-CR-WMH, ECF Nos. 93-2, 93-3.

4

Magistrate Judge White
Ignacio J. Vazquez, AUSA
Ronald Brunson, 83329-004
    FCI-Yazoo City Medium
    Inmate Mail/Parcels
    P.O. Box 5888
    Yazoo City, MS 39194